**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4953**

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

CONSUELO ANTONIO WASHINGTON,

                    Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  Terrence W. Boyle, District Judge.  (7:12-cr-00050-BO-1)

Submitted:  August 30, 2013          Decided:  September 9, 2013

Before NIEMEYER, AGEE, and THACKER, Circuit Judges.

Dismissed in part; affirmed in part by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.   Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Consuelo Antonio Washington was sentenced to 144 months in prison after pleading guilty, pursuant to a written plea agreement, to one count of possession with intent to distribute cocaine base. As part of his plea agreement, Washington waived the right to appeal his sentence as long as it did not exceed the Guidelines range established at sentencing. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), certifying that there are no meritorious issues for appeal but questioning whether the district court improperly relied upon hearsay when calculating Washington's Guidelines range. The Government has moved to dismiss Washington's appeal, insofar as it challenges his sentence, asserting that he waived the right to appeal his sentence in the plea agreement. Although informed of his right to do so, Washington has not filed a pro se supplemental brief. We dismiss in part and affirm in part.

We review de novo whether a defendant has effectively waived the right to appeal. United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992). An appellate waiver must be "the result of a knowing and intelligent decision to forgo the right to appeal." United States v. Broughton-Jones, 71 F.3d 1143, 1146 (4th Cir. 1995) (internal quotation marks and citation omitted). Generally, if a court fully questions a defendant

regarding the appellate waiver during the Rule 11 colloquy, the waiver is both valid and enforceable. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005).

Upon review of the plea agreement and the transcript of the Fed. R. Crim. P. 11 hearing, we conclude that Washington knowingly and intelligently agreed to the waiver of appellate rights as set forth in the plea agreement. During the Rule 11 colloquy, the court reviewed the plea agreement, including the waiver provision, with Washington, and Washington affirmed that he understood those terms. Moreover, Washington does not contest the validity of the waiver either in his Anders brief or in his response to the Government's motion to dismiss. Because Washington challenges the procedural reasonableness of his below-Guidelines sentence, the issue he seeks to raise on appeal falls squarely within the scope of the appellate waiver. Accordingly, we grant the Government's motion to dismiss Washington's appeal of his sentence.

The appellate waiver, however, does not preclude this court's review of Washington's conviction pursuant to Anders. Because Washington did not move to withdraw his guilty plea in the district court or raise any objections to the Rule 11 colloquy, the colloquy is reviewed for plain error. United States v. Martinez, 277 F.3d 517, 527 (4th Cir. 2002). Our review reveals that, while the district court's Rule 11 hearing

3

was truncated and incomplete, the record does not support a finding of plain error, given Washington's beneficial plea agreement, below-Guidelines sentence, and failure to give any indication that his plea was anything but knowing and voluntary. See United States v. Massenburg, 564 F.3d 337, 343 (4th Cir. 2009) (finding that defendant "must show a reasonable probability that, but for the error, he would not have entered the plea").

In accordance with Anders, we have reviewed the record in this case and have found no unwaived meritorious issues for appeal. We therefore affirm Washington's conviction. This court requires that counsel inform Washington, in writing, of the right to petition the Supreme Court of the United States for further review. If Washington requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Washington. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED IN PART;<br>AFFIRMED IN PART